■ STERO HOLDING CORP., Respondent, v. RUTH EICHEL, as Executrix of JACOB EICHEL, Deceased, et al., Appellants.— Order entered on June 27, 1962, denying defendants' motion for partial summary judgment, unanimously affirmed, without costs. In view of the unusual circumstances of this case we feel that the interests of justice require that a trial be had. Accordingly and without passing upon the question of whether there is a triable issue as to actionable negligence, in the exercise of discretion, we affirm. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

### (March 26, 1963)

■ JOSEPH KENNELLY, Appellant, v. CITY OF NEW YORK et al., Defendants, and LONGSHORE PARKING CORP., Respondent.— Order, entered on November 28, 1962, granting stay of retrial until payment of costs awarded (absolutely) by the Appellate Division on reversal of prior judgment, unanimously affirmed, with $20 costs and disbursements to respondent. (See *Politi* v. *Irvmar Realty Corp.*, 16 A D 2d 103, motion for leave to appeal to the Court of Appeals granted 16 A D 2d 752; *Sheehan* v. *Coffey*, 208 App. Div. 240.) Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ GERTRUDE CRONIN, as Administratrix ad Prosequendum upon the Estate of EUGENE J. CRONIN, Deceased, Respondent, v. CITY OF NEW YORK, Defendant, and DAROL ENTERPRISES, INC., Appellant.— Order, entered November 21, 1961, insofar as the same grants the motion of the plaintiff herein for an extension of time to serve her complaint upon the defendant Darol Enterprises, Inc., and insofar as it directs service of the complaint upon the attorneys for said defendant, unanimously reversed on the law and the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion for an order extending the time of the plaintiff to serve the complaint herein upon said defendant denied, with $10 costs. The action, which was brought to recover for alleged wrongful death, occurring on October 19, 1958, was commenced by service of summons on November 25, 1959. The defendant-appellant appeared on December 30, 1959 and demanded service of a copy of the complaint. The complaint, however, was not served upon its attorney until September 8, 1961 and was promptly returned by said attorney. Thus, this motion is in effect an application to open the default in the service of the complaint, and, in support thereof, the plaintiff was bound to show merit in her case and a justifiable excuse for the default. (See *Burke* v. *City of New York*, 18 A D 2d 898.) Here, the plaintiff's attorney assumes to take the blame for the default of upwards of 20 months in the service of a complaint. He avers that the failure to prepare and serve a complaint was due to his preoccupation, occasioned by the dissolution of his former law-firm partnership, the concentration of his efforts thereafter to secure gainful employment, and the devolving upon him of tasks and responsibilities in the matter of winding up the law practice and personal affairs of his deceased father. These circumstances, however, are not acceptable as an adequate excuse for the inordinate delay here. (See *Burke* v. *City of New York*, *supra*; *Moshman* v. *City of New York*, 3 A D 2d 824; *Malekian* v. *McLean Trucking Co.*, 10 A D 2d 825.) Furthermore, there was no factual showing that the plaintiff had a meritorious cause of action as against this particular defendant. (See *Gallagher* v. *Claffington, Inc.*, 7 A D 2d 627; *Brown* v. *Przebowski*, 14 A D 2d 812; *Chiles* v. *Lee Super Market*, 18 A D 2d 614.) Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.