■ NATIONAL AGRICULTURAL COMMODITIES, INC., Appellant, v INTERNATIONAL COMMODITIES EXPORT COMPANY, Respondent. — In an action to recover damages for breach of contract, plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 12, 1983, which denied its motion for leave to enter a default judgment and granted defendant's cross motion to vacate its default and to compel arbitration, and (2) as limited by its brief, from so much of an order of the same court, entered January 24, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order entered October 12, 1983 dismissed. That order was superseded by the order entered January 24, 1984, made upon reargument.

Order entered January 24, 1984 affirmed, insofar as appealed from.

Respondent is awarded one bill of costs.

By exchange of telexes respectively dated December 5, 1980 and December 8, 1980, plaintiff agreed to purchase 2,000 metric tons of edible peanuts from defendant. Defendant sent plaintiff a form embodying the terms of the sale, entitled "Sales Contract No. L21191S", dated December 17, 1980 and containing a broad arbitration clause. Plaintiff agreed by telex of February 13, 1981 to "amend remainder of contract # L-21191-S" by providing for a higher peanut count per ounce. Thereafter, a dispute arose as to whether the shipments exceeded contract specifications, and plaintiff notified defendant by telex of a possible claim against it, again referring to the particular sales contract number. Plaintiff's verified complaint, dated May 27, 1982, alleged that "[o]n or about December 17, 1980 Plaintiff and Defendant entered into a contract in writing", and a copy of the December 17, 1980 sales contract was attached to the complaint.

Attorneys for both parties subsequently entered into two stipulations extending defendant's time to answer, ostensibly for the purpose of pursuing a settlement and considering arbitration as an alternative to court action. On the day that the last extension was to expire, defendant's counsel claims that he telephoned plaintiff's attorney and received from him an indefinite extension of time pending resolution of the arbitration issue. Plaintiff's attorney denies agreeing to this extension or to arbitration. Rather, he admits (1) receiving from defendant's counsel an unexecuted stipulation dismissing the action in favor of arbitration, accompanied by a request that he sign and return it, and (2) agreeing to discuss the matter with his client. Defendant's counsel alleges that he sent a letter dated September 14, 1982 with regard to the matter, but plaintiff's attorney denies ever receiving this letter.

A review of the record leads us to the conclusion that Special Term did not abuse its discretion in vacating the default (*Fidelity & Deposit Co. v Andersen & Co.*, 60 NY2d 693, 695; *Sanders & Assoc. v Hague Dev. Corp.*, 100 AD2d 964, 965). Counsel for both parties had been engaged in negotiations regarding arbitration of the controversy and the trial court reasonably found that each party believed that the other was to "get back" to him. Additionally, plaintiff's attorney failed to return several telephone calls made by defendant's counsel after the due date for

the answer. Defendant submitted documents at Special Term which support its contention that the peanut count complied with contract specifications, and the December 17, 1980 sales contract contained an arbitration clause valid on its face. For these reasons, we find that defendant's default was excusable and that defendant has set forth a meritorious defense.

Moreover, we find that the parties entered into a valid agreement to arbitrate (CPLR 7501, 7503 [a]). Plaintiff's argument that *Matter of Marlene Indus. Corp. (Carnac Textiles)* (45 NY2d 327) is dispositive of defendant's arbitration claim is without merit. The case at bar does not present a typical "battle of the forms" situation governed by Uniform Commericial Code § 2-207, but rather one in which plaintiff's own judicial admission, i.e., its complaint and the exhibit accompanying it, adopts the document containing the arbitration clause as a binding contract. In addition, the references in two telexes to this particular document are evidence that plaintiff intended its terms to control (*Just In-Materials Designs v I.T.A.D. Assoc.*, 61 NY2d 882, 883-884; *Matter of Gaynor-Stafford Indus. [Mafco Textured Fibers]*, 52 AD2d 481, 482-483). Under these circumstances, the parties have expressly agreed to arbitration (*Matter of Marlene Indus. Corp. [Carnac Textiles], supra,* p 333). Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.