■ HOME INSURANCE COMPANY, as Subrogee of M. RUBIN & SONS, INC., Appellant, v MEYERS PARKING SYSTEM, INC., Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered August 12, 1991, which granted defendant's motion to vacate a default judgment, unanimously affirmed, without costs.

The action seeks to recover for the alleged negligent loss of

a 1986 Mercedes-Benz and is brought by the subrogee of the owner of the car. Defendant's first two attempts to notify its insurer of the action allegedly went astray because the summons and complaint, and later a notice of motion, were mailed to its insurer's former address. After defendant's insurer received the defendant's third letter it finally assigned a lawyer to the file, but counsel for plaintiff refused to unconditionally adjourn his motion for a default judgment. The motion was granted after defendant's counsel was allegedly delayed due to weather related failure of public transportation. The IAS Court later opened the default, upon, *inter alia,* defendant's claim that there was an arbitration agreement to which the respective insurance companies were signatories.

We affirm because of the strong public policy favoring dispositions on the merits, the clear absence of prejudice to plaintiff, and the undisputed point that plaintiff and defendant's insurer are signatories to the Automobile Property Subrogration Arbitration Agreement. In these circumstances, the IAS Court did not abuse its broad discretion under CPLR 5015 (a) (1). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.