(December 12, 1995)

■ JULIUS ADEFIOYE, JR., et al., Appellants, v VOLUNTEERS OF AMERICA, INC., Respondent. [634 NYS2d 696] —Order, Supreme Court, New York County (Stephen Crane, J.), entered May 20, 1994, which denied plaintiffs' motion to vacate an order which had granted, upon default, defendant's motion to strike the

complaint for failure to provide a bill of particulars and responses to discovery demands, unanimously affirmed, without costs.

The within wrongful death action arises from the death of a 16-year-old boy in a hit and run automobile accident on Ward's Island on the evening of April 7, 1990 and seeks to hold defendant Volunteers of America ("VOA") liable on the theory that, having specifically undertaken to contact emergency assistance personnel, they negligently failed to carry out that obligation, thereby causing a delay in medical care which resulted in the boy's death. At issue on this appeal is whether plaintiffs have made a sufficient showing to vacate an order which had granted, upon their default, a motion to strike the complaint.

A plaintiff seeking to vacate a default must not only show that there was a reasonable excuse for the default but must demonstrate that he or she has a meritorious cause of action by submitting an affidavit of merit by someone with personal knowledge of the facts (*Salamak v Kay Lincoln Mercury,* 102 AD2d 820; *McNamara v Hutchinson,* 33 AD2d 26; *Cronin v City of New York,* 18 AD2d 995). Here, while we find plaintiffs' counsel's demonstration of law office failure adequate to excuse the default in responding to the motion to strike the complaint, vacatur is nevertheless unjustified as plaintiffs have failed to submit evidence indicating that they have a meritorious cause of action.

The only evidence submitted by plaintiffs concerning the actual events surrounding their claim is an affidavit submitted by decedent's mother. Therein, she states that she was told by her son's companion that, immediately after the accident, he had run across the footbridge located near the scene of the accident to use the emergency phone located there. After contacting the Emergency Medical Service ("EMS"), he was put on hold, so he hung up and ran back across the footbridge to the VOA shelter on the island to obtain help. There he ran into a woman who, after arguing with him and resisting his attempts to persuade her that he was in earnest, finally made a call to 911. The decedent's mother, who also worked for VOA, also stated that at her son's wake she had spoken to a former security guard at the shelter, Arlene Williams, who told her that the woman who had made the call to 911 was Ruth Adams, the building supervisor, and that subsequently two calls came into the switchboard from the Emergency Medical Service seeking to confirm the need for assistance. Both of these calls were taken by switchboard operator Isatu Karim Kamara, who, at

Ms. Adams' order, informed EMS that there was no need for assistance and cancelled the request. Decedent's mother also states that she was informed by police that the accident occurred at 6:30 P.M. and that help did not arrive until 8:30.

Defendants submitted sworn affidavits by Ms. Adams and Ms. Kamara, stating that several calls came in to VOA from EMS or the Police Department between 5:25 and 7:25 P.M. inquiring whether anyone at VOA had requested emergency assistance. These calls were responded to negatively. Then, at some time after 8:00 P.M., a young man came in and informed Ms. Adams that an accident had occurred, at which point an emergency assistance call was placed. According to both of these affidavits, it was not until that point that anyone at VOA became aware that there had been an accident.

Under these circumstances, it is clear that the submissions provided by plaintiffs are insufficient to establish a meritorious cause of action. Decedent's mother had no personal knowledge of the events in question and affidavits were not presented from either of her hearsay sources. As to her son's companion, she offers no excuse for failing to provide his affidavit other than that he recently moved to the Bronx and, although promising to do so, had not yet written to her to give her his new address. As to the former security guard, no explanation is offered other than the fact that, when decedent's mother returned to work a few weeks after the accident, the guard was no longer working there. Furthermore, although decedent's mother states that she was told by the guard, who was employed by an independent agency identified as "Burns Security", that records reflecting the events of that night were in the possession of her employer, no explanation is offered for the failure to obtain those records. Nor has there been any apparent attempt to obtain records from EMS reflecting the timing or content of calls received or made by them concerning the accident. On this record, plaintiffs' motion to vacate the order was properly denied. Concur—Murphy, P. J., Ellerin, Kupferman, Asch and Mazzarelli, JJ.