■ MILDRED SANCHEZ et al., Appellants, v JORGE SERJE, Respondent. [913 NYS2d 919]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Spodek, J.), dated December 16, 2009, which, upon an order of the same court dated August 20, 2009, denying their motion to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to the calendar, to vacate a 90-day demand, and to extend their time to serve and file a note of issue, and granting the defendant's cross motion to dismiss the action pursuant to CPLR 3216, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

In an order dated March 16, 2007, the Supreme Court extended the plaintiffs' time to file a note of issue to June 27, 2007. The plaintiffs failed to file a note of issue by that date and the action was dismissed on July 13, 2007, upon the court's own motion. The dismissal of the action on July 13, 2007, was not authorized pursuant to CPLR 3216 because the March 16, 2007, order did not advise the plaintiffs that the failure to comply with the demand would serve as the basis for a motion to dismiss the action (see *Ratway v Donnenfeld*, 43 AD3d 465 [2007]; *Heifetz v Godoy*, 38 AD3d 605 [2007]; *Wollman v Berliner*, 29 AD3d 786 [2006]; *Delgado v New York City Hous. Auth.*, 21 AD3d 522 [2005]). The defendant thereafter served a valid 90-day demand pursuant to CPLR 3216 on June 24, 2008.

Upon receipt of the 90-day demand, the plaintiffs were required to comply with it either by filing a timely note of issue or by moving, before the default date, to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (see *Benitez v Mutual of Am. Life Ins. Co.*, 24 AD3d 708 [2005]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *McKinney v Corby*, 295 AD2d 580, 581 [2002]). While the plaintiffs timely moved, inter alia, to vacate the 90-day demand or to extend the time within which to file the note of issue, their motion was properly denied and the defendant's cross motion to dismiss the complaint was properly granted in light of the lengthy delay in prosecuting this action, the absence of good cause for the inactivity in this case, and the prejudice to the defendant (see *Doe v Board of Educ. of Longwood Cent. Schools*, 52 AD3d 767 [2008]; *Harrington v Toback*, 34 AD3d 640, 641 [2006]; *Florestal v Little Flower Children's Servs. of N.Y.*, 9 AD3d 348 [2004]; *Acevedo v DePena*, 6 AD3d 636 [2004]; *Dhaliwal v Long Boat Taxi*, 305 AD2d 449 [2003]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.