■ MICHELLE GAGNON, Respondent, v COLLEEN CAMPBELL, Appellant. [927 NYS2d 602]—

The defendant served the plaintiff's attorney with a valid 90-day demand pursuant to CPLR 3216 on January 9, 2008. Upon receipt of the 90-day demand, the plaintiff was required to comply with it either by serving and filing a timely note of issue or by moving, before the default date, to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (*see Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *McKinney v Corby*, 295 AD2d 580, 581 [2002]). Having failed to pursue any of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse for the delay and a potentially meritorious cause of action to avoid the sanction of dismissal (*see* CPLR 3216 [e]; *Dominguez v Jamaica Med. Ctr.*, 72 AD3d 876 [2010]; *Picot v City of New York*, 50 AD3d 757, 758 [2008]; *McKinney v Corby*, 295 AD2d at 581; *Flomenhaft v Baron*, 281 AD2d 389 [2001]). In renewing her opposition to the defendant's motion to dismiss the complaint pursuant to CPLR 3216, the plaintiff failed to offer new facts not offered on the prior motion that would change the prior determination (*see* CPLR 2221 [e] [2]; *Jackson Hgts. Care Ctr., LLC v Bloch*, 39 AD3d 477, 480 [2007]). The plaintiff failed to submit any medical evidence demonstrating that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Louis v MTA Long Is. Bus Co.*, 44 AD3d 628 [2007]; *Parks v Miclette*, 41 AD3d 1107, 1110 [2007]; *Berktas v McMillian*, 40 AD3d 563, 563-564 [2007]). Therefore, the plaintiff failed to demonstrate that she has a potentially meritorious cause of action.

Accordingly, that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion to dismiss the action and the plaintiff's cross motion, in effect, to extend the time to serve and file a note of issue, should have been denied. Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.