34 AD3d 670 [2006]), the record demonstrates that the plaintiff waived his right to a hearing on this issue when he opposed that branch of the defendant's motion which was for an award of an attorney's fee (*see Messinger v Messinger*, 24 AD3d 631 [2005]; *Bengard v Bengard*, 5 AD3d 340, 341 [2004]; *cf. Janousek v Janousek*, 108 AD2d 782, 783 [1985]).

The plaintiff's contention regarding the belated submission of the defendant's net worth statement is without merit, and his remaining contention is not properly before this Court. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.

GREGORY SAGINOR, Appellant, v RICHARD E. BROOK et al., Respondents, et al., Defendant. [939 NYS2d 124]—

The defendants Richard E. Brook and Marc G. Schultz (hereinafter together the defendants) served 90-day demands upon the plaintiff pursuant to CPLR 3216. Schultz's 90-day demand was received on January 16, 2009. The parties dispute whether Brook's 90-day demand was received on January 7, or January 8, 2009.

Upon receipt of the 90-day demands, the plaintiff was required to comply with them either by filing a timely note of issue or by moving, before the default date, to vacate the demands or to extend the 90-day period pursuant to CPLR 2004 (*see Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]). By motion dated April 6, 2009, the plaintiff timely sought an extension upon receipt of Schultz's 90-day demand and, contrary to the Supreme Court's determination, also timely sought an extension upon receipt of Brook's 90-day demand (*see Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 560, 561-562 [2006]). Nevertheless, the plaintiff's motion was properly denied and the defendants' cross motions to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3216 were properly granted in light of the lengthy delay in prosecuting this action, the absence of good cause for the inactivity in this

case, and the prejudice to the defendants (*see Sanchez v Serje*, 78 AD3d at 1156; *Harrington v Toback*, 34 AD3d 640, 640-641 [2006]).

The plaintiff's remaining contention is without merit. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.

■ MEIR H. SAGINOR, Appellant, v RICHARD E. BROOK et al., Respondents, et al., Defendant. [939 NYS2d 126]—

The defendants Richard E. Brook and Marc G. Schultz (hereinafter together the defendants) served 90-day demands upon the plaintiff pursuant to CPLR 3216. Schultz's 90-day demand was received on January 16, 2009. The parties dispute whether Brook's 90-day demand was received on January 7, or January 8, 2009.

Upon receipt of the 90-day demands, the plaintiff was required to comply with them either by filing a timely note of issue or by moving, before the default date, to vacate the demands or to extend the 90-day period pursuant to CPLR 2004 (*see Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]). By motion dated April 6, 2009, the plaintiff timely sought an extension upon receipt of Schultz's 90-day demand and, contrary to the Supreme Court's determination, also timely sought an extension upon receipt of Brook's 90-day demand (*see Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 560, 561-562 [2006]). Nevertheless, the plaintiff's motion was properly denied and the defendants' cross motions to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3216 were properly granted in light of the lengthy delay in prosecuting this action, the absence of good cause for the inactivity in this case, and the prejudice to the defendants (*see Sanchez v Serje*, 78 AD3d at 1156; *Harrington v Toback*, 34 AD3d 640, 640-641 [2006]).

The plaintiff's remaining contention is without merit. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.