■ Oscar Colon, Respondent, v Nikilaos Papatolis, Defendant, and Vasilios Lagos et al., Appellants. [943 NYS2d 914]—

In an action to recover damages for personal injuries, the defendants Vasilios Lagos, Glykeria Kolios, and Myrtle Avenue Restaurant Corp. appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered August 8, 2011, which denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Vasilios Lagos, Glykeria Kolios, and Myrtle Avenue Restaurant Corp. pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them is granted.

Having received a 90-day notice, the plaintiff was required either to serve and file a timely note of issue or move, before the default date, for an extension of time pursuant to CPLR 2004 (*see Benitez v Mutual of Am. Life Ins. Co.*, 24 AD3d 708 [2005]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *McKinney v Corby*, 295 AD2d 580, 581 [2002]). The plaintiff did neither. To avoid dismissal of the action, the plaintiff was required to show a justifiable excuse for the delay and a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Picot v City of New York*, 50 AD3d 757 [2008]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Estate of Hamilton v Nassau Suffolk Home Health Care*, 1 AD3d 474 [2003]). The plaintiff failed to proffer a justifiable excuse for his failure to comply with the 90-day demand and for the more than one-year delay in the prosecution of this action

(*see Baczkowski v Collins Constr. Co.*, 89 NY2d at 504; *Bowman v Kusnick*, 35 AD3d 643, 644 [2006]; *Werbin v Locicero*, 287 AD2d 617 [2001]). Furthermore, the plaintiff's submissions did not include a showing of a potentially meritorious cause of action by one with personal knowledge of the facts (*see Umeze v Fidelis Care N.Y.*, 17 NY3d 751 [2011]; *Sharpe v Osorio*, 21 AD3d 467, 468 [2005]; *Garcia v Roopnarine*, 18 AD3d 607 [2005]; *Tietz v Blatt*, 280 AD2d 469 [2001]). Accordingly, the appellants' motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them should have been granted.

In reaching this determination, we have not considered matter dehors the record (*see Poupis v Brown*, 90 AD3d 881, 883 [2011]; *Walia v Nassau County*, 61 AD3d 853, 855 [2009]; *Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.