■ MICHAEL GARCIA, Respondent, v NORTH SHORE LONG ISLAND JEWISH FOREST HILLS HOSPITAL et al., Appellants. [949 NYS2d 781]—

In an action to recover damages for medical malpractice, the defendants North Shore Long Island Jewish Forest Hills Hospital and Michael S. Drew separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered December 5, 2011, as denied their respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for the plaintiff's failure to prosecute and granted that branch of the plaintiff's cross motion which was to enlarge the time to serve and file a note of issue.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, the defendants' respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them are granted, and that branch of the plaintiff's cross motion which was to enlarge the time to serve and file a note of issue is denied as academic.

The plaintiff commenced this action against Forest Hills Hospital, sued herein as North Shore Long Island Jewish Forest Hills Hospital (hereinafter the hospital) and Michael S. Drew by filing a summons and complaint on November 9, 2009. The complaint alleged that the plaintiff sustained personal injuries as a result of certain medical care and treatment rendered to him by the defendants from July 17, 2008, through August 28, 2008. Drew answered and served discovery demands on

December 30, 2009. The hospital answered and served discovery demands on December 22, 2009. On April 12, 2011, and April 26, 2011, respectively, Drew and the hospital served valid 90-day demands pursuant to CPLR 3216, directing the plaintiff to serve and file a note of issue within 90 days of the service of the demands, or face dismissal of the action.

During the 90-day period immediately following the service of the 90-day demands, the plaintiff neither served and filed a note of issue nor sought to enlarge his time to serve and file a note of issue. After this 90-day period lapsed, Drew and the hospital separately moved to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3216, alleging the plaintiff failed to prosecute the action. The plaintiff opposed the motions and cross-moved, inter alia, to enlarge the time to serve and file a note of issue. The Supreme Court denied the defendants' respective motions and granted the plaintiff's cross motion. The defendants appeal.

Upon receipt of the 90-day demands, the plaintiff was required to comply either by serving and filing a timely note of issue or by moving, before the default date, to vacate the demand or to enlarge the 90-day period pursuant to CPLR 2004 (*see Saginor v Brook*, 92 AD3d 860, 860 [2012]; *Cope v Barakaat*, 89 AD3d 670 [2011]; *Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]). Having failed to pursue either of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse for the delay and a potentially meritorious cause of action to avoid the sanction of dismissal (*see* CPLR 3216 [e]; *Umeze v Fidelis Care N.Y.*, 17 NY3d 751 [2011]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504 [1997]; *Davies v Baranovich*, 87 AD3d 1049, 1049 [2011]).

Here, the plaintiff failed to offer a reasonable excuse to justify his delay in seeking an enlargement of time within which to comply with the 90-day demands, or his lengthy delays in prosecuting this action. The plaintiff's contention that the defendants engaged in dilatory conduct in responding to discovery demands did not constitute a reasonable excuse for the plaintiff's failure to respond to the 90-day demands (*see Huger v Cushman & Wakefield, Inc.*, 58 AD3d 682, 684 [2009]; *McKinney v Corby*, 295 AD2d 580 [2002]; *Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552 [1989]). Moreover, the plaintiff failed to demonstrate the existence of a potentially meritorious malpractice cause of action against either defendant (*see Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Dominguez v Jamaica Med. Ctr.*, 72 AD3d 876, 877 [2010]; *Knowles v Schaeffer*, 70 AD3d 897, 898 [2010]; *cf. Davis v Cardiovascular Consultants of Long Is., P.C.*, 65 AD3d 1076, 1077 [2009]).

Accordingly, the defendants' respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for the plaintiff's failure to prosecute should have been granted, and that branch of the plaintiff's cross motion which was to enlarge the time to serve and file a note of issue should thereupon have been denied as academic.

The plaintiff's remaining contentions are without merit. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.