■ MARIE JEDRASZAK et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [958 NYS2d 490]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered May 7, 2012, which granted the motion of the defendant Pradip K. Mishra, and the separate motion of the defendants County of Westchester and Westchester County Medical Center pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

Having received valid 90-day notices from the defendants, the plaintiffs were required either to serve and file a timely note of

issue, or move before the default date to either vacate the demands or to extend the 90-day period pursuant to CPLR 2004 (*see Garcia v North Shore Long Is. Jewish Forest Hills Hosp.*, 98 AD3d 644, 645 [2012]; *Saginor v Brook*, 92 AD3d 860, 860 [2012]; *Cope v Barakaat*, 89 AD3d 670 [2011]; *Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]; *Picot v City of New York*, 50 AD3d 757, 758 [2008]). The plaintiffs failed to respond to either of the 90-day notices.

In response to the defendants' separate motions to dismiss the complaint for failure to prosecute, the plaintiffs, in order to avoid dismissal, were required to demonstrate that there was a justifiable excuse for their delay and that they had a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Umeze v Fidelis Care N.Y.*, 17 NY3d 751, 751 [2011]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504 [1997]; *Colon v Papatolis*, 95 AD3d 1160, 1160 [2012]; *Davies v Baranovich*, 87 AD3d 1049, 1049 [2011]; *Dominguez v Jamaica Med. Ctr.*, 72 AD3d 876, 876 [2010]; *Picot v City of New York*, 50 AD3d at 758), but failed to do so. The plaintiffs' excuse for their failure to comply with the 90-day notices was inadequate, as was their excuse for their inordinate delay in the prosecution of this action, which was commenced in 1998 (*see Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-504; *Garcia v North Shore Long Is. Jewish Forest Hills Hosp.*, 98 AD3d at 645). The plaintiffs' contention that there was a stay of all proceedings in this action in effect from 2002 until August 2011, subsequent to the defendants' service of their 90-day notices and motions to dismiss the complaint, was not supported by the record. Moreover, the plaintiffs failed to submit evidentiary proof from a medical expert to demonstrate a potentially meritorious cause of action to recover damages for medical malpractice (*see Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Dominguez v Jamaica Med. Ctr.*, 72 AD3d at 877; *see also Sicoli v Sasson*, 76 AD3d 1002, 1003-1004 [2010]).

Accordingly, the Supreme Court properly granted the defendants' motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.