■ TSAI-ANN THOMAS et al., Respondents, v AVALON GARDENS REHABILITATION & HEALTH CARE CENTER, Appellant. [966 NYS2d 505]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated December 15, 2011, which granted the plaintiffs' motion, in effect, pursuant to CPLR 2221 (a) (1) and CPLR 5015 (a) (1) to vacate an order of the same court dated July 21, 2011, entered upon their default in appearing on the return date of their motion, and to restore the plaintiffs' prior motion to the calendar and, thereupon, in effect, granted the plaintiffs' prior motion, restored the matter to active pre-note of issue status, and denied the defendant's cross motion pursuant to CPLR 3126 (3) to dismiss the complaint.

Ordered that the order dated December 15, 2011, is reversed, on the law and in the exercise of discretion, with costs, the plaintiffs' motion, in effect, pursuant to CPLR 2221 (a) (1) and CPLR 5015 (a) (1), to vacate the order dated July 21, 2011, entered upon their default in appearing on the return date of their motion, and to restore their prior motion to the calendar is denied, and the defendant's cross motion pursuant to CPLR 3126 (3) to dismiss the complaint is granted.

" 'A party seeking to vacate an order entered upon his or her default is required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense' " (Matter of Cummings v Rosoff, 101 AD3d 713, 714 [2012], quoting Matter of Lorraine D. v Widmack C., 79 AD3d 745, 745 [2010]; see CPLR 5015 [a] [1]; Smyth v Getty Petroleum Mktg., Inc., 103 AD3d 790 [2013]; Wild v Target Corp., 74 AD3d 799 [2010]; Infante v Breslin Realty Dev. Corp., 95

AD3d 1075, 1076 [2012]; *Yearwood v Post Park, LLC*, 91 AD3d 766, 767 [2012]). Here, the plaintiffs failed to demonstrate a reasonable excuse for their default. " 'Although a court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse' " (*Eastern Sav. Bank, FSB v Charles*, 103 AD3d 683, 684 [2013], quoting *White v Daimler Chrysler Corp.*, 44 AD3d 651, 651 [2007]; *see Byers v Winthrop Univ. Hosp.*, 100 AD3d 817, 818-819 [2012]). Moreover, the plaintiffs' pattern of persistent neglect in failing to comply with discovery demands and court orders belies any contention that they had a reasonable excuse for their failure to appear on the return date of their motion (*see Trepel v Greenman-Pedersen, Inc.*, 99 AD3d 789, 791 [2012]). In any event, the plaintiffs failed to demonstrate the existence of a potentially meritorious cause of action in support of their motion. While the plaintiffs submitted the affidavit of Sue Ann Goodbar, the mother of the infant plaintiff, it contained only generalized and conclusory allegations of substandard care of the infant plaintiff by the defendant without any evidentiary support and, thus, was insufficient to establish a potentially meritorious cause of action (*see Jedraszak v County of Westchester*, 102 AD3d 924, 925 [2013]; *Garal Wholesalers, Ltd. v Raven Brands, Inc.*, 82 AD3d 1041, 1042 [2011]).

Regarding the defendant's cross motion pursuant to CPLR 3126 (3), the plaintiffs failed to demonstrate the existence of a potentially meritorious opposition to the cross motion (*cf. Santos v Penske Truck Leasing Co.*, 105 AD3d 1029 [2d Dept 2013]). Indeed, the willful and contumacious nature of their conduct can be inferred from their failure, over a period of three years, to comply with the defendant's discovery demands, their failure to attend scheduled court appearances, and their failure to comply with court orders directing disclosure (*see Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 814 [2012]).

The plaintiffs' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.