In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 19, 2012, which denied its motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute is granted.
Having received a 90-day demand pursuant to CPLR 3216, the plaintiff was required to serve and file a note of issue in compliance with the demand or to move, before the default date, to vacate the demand or to extend the 90-day period pursuant to CPLR 2004 (see Cope v Barakaat, 89 AD3d 670, 671 [2011] ; Gagnon v Campbell, 86 AD3d 623, 624 [2011]; Sanchez v Serje, 78 AD3d 1155, 1156 [2010]). The plaintiff did none of these things. Thus, to avoid dismissal of the complaint, the plaintiff was required to show a justifiable excuse for the delay and a potentially meritorious cause of action (see CPLR 3216 [e]; Umeze v Fidelis Care N.Y., 17 NY3d 751 [2011]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 504 [1997]; Garcia v North Shore Long Is. Jewish Forest Hills Hosp., 98 AD3d 644, 645 [2012] ).
The plaintiff failed to tender a justifiable excuse for her failure to respond to the 90-day demand (see Umeze v Fidelis Care N.Y., 17 NY3d at 751; Baczkowski v Collins Constr. Co., 89 NY2d at 504; Garcia v North Shore Long Is. Jewish Forest Hills Hosp., 98 AD3d at 645; Cope v Barakaat, 89 AD3d at 671; Ovchinnikov v Joyce Owners Corp., 43 AD3d 1124,1127 [2007]). Furthermore, the plaintiff failed to submit a sufficient affidavit of merit (see Baczkowski v Collins Constr. Co., 89 NY2d at 503-504; Cope v Barakaat, 89 AD3d at 671; Picot v City of New York, 50 AD3d 757, 758 [2008]). The complaint and bill of particulars verified by the plaintiff’s father were insufficient to demonstrate a potentially meritorious cause of action, since he did not have personal knowledge of the facts underlying the claim (see Pollnow v Poughkeepsie Newspapers, 67 NY2d 778, 780 [1986]; Harris v Five Point Mission — Camp Olmstedt, 73 AD3d 1127, 1129 [2010]; Adeftoye v Volunteers of Am., 222 AD2d 246, 248 *688 [1995]; Rosenthal v Village of Quogue, 205 AD2d 745, 746 [1994]).
Accordingly, the defendant’s motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute should have been granted. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.