(November 6, 2013)

■ ROKEYA BEGUM ADBUL, Appellant, v RAMON LOPEZ, Defendant, and DIKAP L. KARMAKAR, Respondent. [974 NYS2d 120]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 9, 2012, as granted that branch of the motion of the defendant Dikap L. Karmakar which was to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Dikap L. Karmakar served the plaintiff with a 90-day demand pursuant to CPLR 3216. Thus, the plaintiff was required to serve and file a timely note of issue or to move, before the default date, either to vacate the demand or for an extension of time pursuant to CPLR 2004 (*see Colon v Papatolis*, 95 AD3d 1160 [2012]; *Benitez v Mutual of Am. Life Ins. Co.*, 24 AD3d 708 [2005]; *Sharpe v Osorio*, 21 AD3d 467, 468 [2005]). The plaintiff did neither. To avoid dismissal of the action, the plaintiff was required to show a justifiable excuse for the delay and a potentially meritorious cause of action (*see* CPLR 3216

[e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Colon v Papatolis*, 95 AD3d 1160 [2012]; *Picot v City of New York*, 50 AD3d 757, 758 [2008]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441, 442 [2006]). The plaintiff's unsubstantiated assertion that she entered into an arbitration agreement with Karmakar was insufficient to excuse the delay (*cf. Home Ins. Co. v Meyers Parking Sys.*, 186 AD2d 497, 498 [1992]; *National Agric. Commodities v International Commodities Export Co.*, 108 AD2d 735, 736 [1985]). Furthermore, even though the parties engaged in negotiations regarding arbitration, the plaintiff failed to demonstrate that she was actively engaged in these negotiations for any significant amount of time prior to the default date or during the ensuing one-year period between the default date and Karmakar's motion to dismiss (*see Kourtsounis v Chakrabarty*, 254 AD2d 394, 395 [1998]; *Prado v Catholic Med. Ctr. of Brooklyn & Queens*, 237 AD2d 341 [1997]; *Sortino v Fisher*, 20 AD2d 25, 29 [1963]; *cf. Katina, Inc. v Town of Hempstead*, 13 AD3d 343, 344 [2004]; *Scarlett v McCarthy*, 2 AD3d 623, 624 [2003]). In any event, the conclusory allegations contained in the verified complaint were insufficient to demonstrate that the plaintiff had a potentially meritorious cause of action against Karmakar (*see Mooney v City of New York*, 78 AD3d 795, 797 [2010]; *Koehler v Sei Young Choi*, 49 AD3d 504, 505 [2008]; *Lugauer v Forest City Ratner Co.*, 44 AD3d 829, 830 [2007]).

Accordingly, the Supreme Court properly granted that branch of Karmakar's motion which was to dismiss the complaint insofar as asserted against him. Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.