Rodriguez v Diallo (2020 NY Slip Op 04609)





Rodriguez v Diallo


2020 NY Slip Op 04609


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-04554
 (Index No. 706545/14)

[*1]Rosaelia Rodriguez, et al., appellants, 
v
Thierno H. Diallo, respondent.


Jeffrey H. Schwartz, Brooklyn, NY, for appellants.
James F. Butler, Jericho, NY (Marcella Gerbasi Crewe of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered September 27, 2018. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3216 to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 7, 2011, the plaintiffs allegedly were injured in a motor vehicle accident in Queens County. On September 14, 2014, the plaintiffs commenced this personal injury action against the defendant, who owned and operated the other vehicle involved in the accident. On November 7, 2017, pursuant to CPLR 3216(b)(3), the defendant served the plaintiffs with a 90-day demand to resume the prosecution of the action and to serve and file a note of issue. The plaintiffs did not serve and file a note of issue and did not move to vacate the 90-day demand or to extend the 90-day period. Accordingly, in February 2018, the defendant moved pursuant to CPLR 3216 to dismiss the complaint. The plaintiffs opposed the motion and cross-moved, inter alia, pursuant to CPLR 3126 for an order of preclusion, asserting that the defendant had not appeared for his deposition. In an order entered September 27, 2018, the Supreme Court granted the defendant's motion and denied the plaintiffs' cross motion. The plaintiffs appeal from so much of the order as granted the defendant's motion.
Where, as here, a plaintiff has been served with a 90-day demand pursuant to CPLR 3216(b)(3), that plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day period (see HSBC Bank USA, N.A. v Williams, 177 AD3d 950, 952; Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760). The plaintiffs failed to do either within the 90-day period. To avoid dismissal of the complaint, the plaintiffs were required to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demand, as well as the existence of a potentially meritorious cause of action (see Umeze v Fidelis Care N.Y., 17 NY3d 751; Ramirez v Reyes, 171 AD3d 1114, 1116; Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d 559). The determination of what constitutes a justifiable excuse for a default lies within the sound discretion of the Supreme Court (see Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595).
The Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 3216 to dismiss the complaint as the plaintiffs failed to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demand, and the existence of a potentially meritorious cause of action (see HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649; Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d at 761; Adbul v Lopez, 111 AD3d 587, 588; Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818-819; Meth v Maimonides Med. Ctr., 99 AD2d 799, 800; Gagnon v Campbell, 86 AD3d 623, 624; Myers v Polytechnic Preparatory Country Day School, 50 AD3d 868, 869; Tietz v Blatt, 280 AD2d 469).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court