Rivera v Shypri Realty Corp. (2021 NY Slip Op 05406)





Rivera v Shypri Realty Corp.


2021 NY Slip Op 05406


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Index No. 301882/15E Appeal No. 14306-14306A Case No. 2021-00124 

[*1]Raquel Rivera, etc., Plaintiff-Appellant,
v
Shypri Realty Corp., et al., Defendants-Respondents.


Ami Morgenstern, PLLC, Long Island City (Marc Andrew Williams of counsel), for appellant.
Brooks, Berne & Herndon PLLC, Elmsford (Richard W. Berne of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 7, 2021, which denied plaintiff's motion to vacate an order, same court (Laura G. Douglas, J.), dated November 15, 2018, which dismissed the action pursuant to 22 NYCRR 202.27(b), and to restore the action to the court calendar, unanimously affirmed, without costs.
A party seeking to vacate a default must demonstrate a reasonable excuse for failing to appear and a meritorious cause of action (see Brown v Suggs, 38 AD3d 329, 330 [1st Dept 2007]). Assessment of the sufficiency of the proffered excuse and dequacy of the merits, rests within the sound discretion of the court (see Mediavilla v Gurman, 272 AD2d 146, 148 [1st Dept 2000]). The court providently exercised its discretion in denying plaintiff's motion because her counsel offered a variety of excuses for the failure to appear at several preliminary conferences, none of which stood up to scrutiny, and inaccurately described the court's determination of its prior motion for the same relief. Moreover, the almost 20-month delay in seeking to vacate the dismissal order was also not adequately explained. In any event, plaintiff's affidavit was insufficient to demonstrate that her deceased husband fell in front of defendants' premises since she was not a witness and offered nothing to support her claim as to the location of the accident (see Adefioye v Volunteers of Am., 222 AD2d 246, 248 [1st Dept 1995]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021