Felipe v Volunteers of Am.-Greater N.Y. (2025 NY Slip Op 06252)

Felipe v Volunteers of Am.-Greater N.Y.

2025 NY Slip Op 06252

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 151388/21|Appeal No. 5148|Case No. 2024-06610|

[*1]Ana Mercedes Felipe etc., Plaintiff-Respondent,
v
Volunteers of America-Greater New York, et al., Defendants-Appellants, FJC Security Services, Inc., et al., Defendants.

Morrison Mahoney, LLP, New York (Christopher P. Keenoy of counsel), for Volunteers of America-Greater New York, appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for New York City Department of Homeless Services and New York City, appellants.
Lawrence James & Associates, New York (Lawrence P. James of counsel), for respondent.

Order, Supreme Court, New York County (Jeanine R. Johnson, J.), entered October 11, 2024, which denied the motions of defendants New York City, New York City Department of Homeless Services, and Volunteers of America-Greater New York (collectively, defendants) to dismiss the complaint against them, unanimously reversed, on the law and the facts, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
This action arises from the death of plaintiff's son from a drug overdose at a New York City shelter owned and operated by defendants. Plaintiff commenced this action against defendants alleging that they negligently failed to provide adequate mental health and substance abuse treatment services to the decedent and failed to promptly respond when the decedent overdosed. Following a period of over one year during which plaintiff failed to respond to their discovery demands, defendants served plaintiff with a written demand to serve and file a note of issue within 90 days (see CPLR 3216[b]). Plaintiff failed to respond within the 90-day period, resulting in defendants' motions to dismiss for failure to prosecute.
Although plaintiff's counsel offered a justifiable excuse for the failure to file a note of issue following defendants' service of 90-day notices, plaintiff failed to submit an adequate affidavit of merit demonstrating a meritorious cause of action in opposition to defendants' motions (see CPLR 3216[e]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]). In her affidavit, plaintiff, who had no personal knowledge of the events in question, relied on two unnamed hearsay sources (see Adefioye v Volunteers of Am., 222 AD2d 246, 248 [1st Dept 1995]; see also Rivera v Shypri Realty Corp., 198 AD3d 448, 449 [1st Dept 2021]). Plaintiff offered no excuse for failing to provide affidavits from the shelter residents who supplied her with the information upon which her affidavit was based (Adefioye, 222 AD2d at 248), and, in any event, she did not show that defendants' negligence was "a substantial cause of the events" resulting in her son's death (Lynn v Lynn, 216 AD2d 194, 195 [1st Dept 1995], quoting Derdiarian v Felix Contr. Co., 51 NY2d 308, 315 [1980]). Contrary to plaintiff's contention, the intake documents from the shelter had little probative value, as the decedent, although reporting that he suffered from a serious mental health condition, denied having a history of substance abuse disorder.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025