■ DONNA GALLERY, Appellant, v PATRICK MESSERSCHMITT, M.D., et al., Respondents. [54 NYS3d 313]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Rosa, J.), dated September 20, 2015, as denied that branch of her motion which was to vacate a judgment of the same court dated June 2, 2015, which, upon the failure of the plaintiff and her attorney to appear at a compliance conference, and the granting of the defendants' respective oral applications pursuant to, inter alia, 22 NYCRR 202.27 (b) to dismiss the action, dismissed the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

This medical malpractice action was dismissed by a judgment dated June 2, 2015, after neither the plaintiff nor her attorney appeared at a compliance conference and the Supreme Court granted the respective oral applications of the defendants pursuant to, inter alia, 22 NYCRR 202.27 (b) to dismiss the action. To be relieved of the default in appearing at that conference, the plaintiff was required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (see CPLR 5015 [a] [1]; Polsky v Simon, 145 AD3d 693, 693 [2016]; Wright v City of Poughkeepsie, 136 AD3d 809 [2016]; Mazzio v Jennings, 128 AD3d 1032 [2015]).

Here, even if the plaintiff had shown a reasonable excuse for her default, the Supreme Court correctly determined that the plaintiff failed to establish that she had a potentially meritorious medical malpractice cause of action. Contrary to the plaintiff's contention, a party seeking to vacate a default or to restore a medical malpractice case must submit the affirmation of an expert (see Mosberg v Elahi, 80 NY2d 941, 942 [1992]; King v Dobriner, 106 AD3d 1053, 1054 [2013]; Knowles v

*Schaeffer*, 70 AD3d 897, 898 [2010]; *Murray v New York City Health & Hosps. Corp.*, 52 AD3d 792 [2008]; *Williams v D'Angelo*, 24 AD3d 538 [2005]). Furthermore, the certified medical records submitted by the plaintiff do not demonstrate whether any of the defendants deviated from accepted standards of medical care, much less the nature of the deviation (*see Hagen-Meurer v Balakhane*, 127 AD3d 1020, 1021 [2015]; *Nowell v NYU Med. Ctr.*, 55 AD3d 573, 574 [2008]; *Bollino v Hitzig*, 34 AD3d 711, 711 [2006]). Accordingly, the plaintiff failed to establish that she had a potentially meritorious medical malpractice cause of action, and the court correctly denied that branch of her motion which was to vacate the judgment dismissing the action (*see Ramirez v Islandia Exec. Plaza, LLC*, 92 AD3d 747, 748 [2012]; *New Seven Colors Corp. v White Bubble Laundromat, Inc.*, 89 AD3d 701, 702 [2011]; *Codoner v Bobby's Bus Co., Inc.*, 85 AD3d 843, 843 [2011]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.