Islam v HPENY Hous. Dev. Fund Co., Inc. (2020 NY Slip Op 02462)





Islam v HPENY Hous. Dev. Fund Co., Inc.


2020 NY Slip Op 02462


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-00071
 (Index No. 501699/15)

[*1]Nazrul Islam, appellant,
v
HPENY Housing Development Fund Company, Inc., et al., respondents (and a third-party action).


Bader & Yakaitis, LLP, New York, NY (Michael Caliguiri of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent HPENY Housing Development Fund Company, Inc.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Henry M. Mascia of counsel), for respondents ENY Development, LLC, and BRP Construction Group, LLC.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman of counsel), for respondent Notias Construction, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 14, 2018. The order granted the separate motions of the defendant HPENY Housing Development Fund Company, Inc., the defendants ENY Development, LLC, and BRP Construction Group, LLC, and the defendant Notias Construction, Inc., pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On February 13, 2015, the plaintiff commenced this action to recover damages for personal injuries that he alleged he sustained while working on premises in Brooklyn owned and maintained by the defendants HPENY Housing Development Fund Company, Inc. (hereinafter HPENY Housing Development Fund), and ENY Development, LLC (hereinafter ENY Development). He asserted, inter alia, that those defendants violated Labor Law §§ 200, 240(1), and 241(6). ENY Development and HPENY Housing Development Fund served separate answers, respectively, in or about April and June 2015.
In May 2016, the plaintiff served and filed a supplemental summons and amended complaint adding as additional defendants BRP Construction Group, LLC (hereinafter BRP Construction), and Notias Construction, Inc. (hereinafter Notias) (hereinafter, collectively with HPENY Housing Development Fund, ENY Development, and BRP Construction, the defendants). [*2]Each of the defendants served answers to the amended complaint in or about July 2016. In January 2018, Notias served a 90-day demand on the plaintiff to resume prosecution, and in February 2018, HPENY Housing Development Fund also served a 90-day demand, as did ENY Development and BRP Construction. When the plaintiff failed to comply, the defendants thereafter separately moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them. In an order dated November 14, 2018, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
Where, as here, a plaintiff has been served with 90-day demands by each of the defendants pursuant to CPLR 3216(b)(3), the plaintiff must comply with the demands by filing a note of issue or by moving, before the default date, either to vacate the demands or to extend the 90-day period (see HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649; Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760, 760-761). The plaintiff failed to do either within the 90-day period, and consequently, is deemed to have defaulted in prosecuting the action (see CPLR 3216; HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649; Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d at 761).
In order to obtain vacatur of his default, the plaintiff was required to demonstrate a justifiable excuse for his failure to take timely action in response to the 90-day demands, as well as a potentially meritorious cause of action (see CPLR 3216[e]; Umeze v Fidelis Care N.Y., 17 NY3d 751, 751; HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649).
We agree with the Supreme Court's determination to grant the defendants' separate motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them. Although the court has the discretion to accept law office failure as a justifiable excuse (see CPLR 2005), a conclusory, undetailed, and unsubstantiated claim of law office failure does not amount to a justifiable excuse (see HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649; Fremont Inv. & Loan v Fausta, 164 AD3d 1314, 1315). Here, the plaintiff failed to file a note of issue as directed by the court and, in effect, took no action for more than a year from the time that he provided court-ordered discovery in May 2017, until he opposed the defendants' motions pursuant to CPLR 3216 to dismiss the complaint. The conclusory and uncorroborated assertion by counsel for the plaintiff as to why the plaintiff failed to file a note of issue or take any action whatsoever until after the 90-day period had expired does not constitute a detailed and credible explanation (see HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649; Fremont Inv. & Loan v Fausta, 164 AD3d at 1315).
Since the plaintiff failed to provide a justifiable excuse, there is no need to address whether the plaintiff established the existence of a potentially meritorious cause of action (see HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court