Mega Contr., Inc. v Adventure Masonry Corp. (2020 NY Slip Op 06252)





Mega Contr., Inc. v Adventure Masonry Corp.


2020 NY Slip Op 06252


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-13609
 (Index No. 503330/14)

[*1]Mega Contracting, Inc., et al., appellants, 
v
Adventure Masonry Corp., respondent, et al., defendant.


Hollander Law Group, PLLC, Great Neck, NY (Michael R. Strauss of counsel), for appellants.
Marshall Conway Bradley Gollub & Weissman, P.C., New York, NY (Lauren R. Turkel of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and negligence, the plaintiffs appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated October 4, 2018. The order granted the motion of the defendant Adventure Masonry Corp. pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it, and denied the plaintiffs' cross motion to amend an order of the same court dated May 16, 2016, and to restore the action to the calendar.
ORDERED that the order dated October 4, 2018, is affirmed, with costs.
In April 2014, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and negligence. The defendant Adventure Masonry Corp. (hereinafter Adventure) answered the complaint. The plaintiffs and Adventure engaged in motion practice and exchanged certain discovery demands and responses. On May 16, 2016, the Supreme Court entered a compliance order which, among other things, directed the plaintiffs to file a note of issue on or before October 14, 2016, and noted that if they did not the action "may be dismissed." The plaintiffs attempted to file a note of issue on October 28, 2016, two weeks after the court-imposed deadline. The note of issue was returned for correction and the action was marked disposed.
The action remained dormant for approximately 14 months, until December 26, 2017, when Adventure served the plaintiffs with a notice and demand pursuant to CPLR 3216, demanding resumption of the prosecution of the action and the service and filing of a note of issue within 90 days (hereinafter the 90-day notice). The plaintiffs did not serve and file a note of issue and did not move to vacate the 90-day notice or to extend the 90-day period. In April 2018, Adventure moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it. The plaintiffs cross-moved to amend the compliance order to extend their time to file a note of issue and to restore the action to the active calendar. The Supreme Court granted Adventure's motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
Where, as here, plaintiffs are served with a 90-day notice pursuant to CPLR 3216, those plaintiffs are required to timely file a note of issue or move, before the default date, either to vacate the 90-day notice or to extend the 90-day period (see HSBC Bank USA, N.A. v Williams, 177 AD3d 950, 952). The plaintiffs here failed to do so within the 90-day period. Therefore, in order to excuse the default, the plaintiffs were required to demonstrate a justifiable excuse for their failure to take timely action in response to the 90-day notice, as well as a potentially meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; HSBC Bank USA, N.A. v Williams, 177 AD3d at 952).
The determination of what constitutes a reasonable excuse lies within the court's discretion (see HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649). "Although the court has the discretion to accept law office failure as a justifiable excuse (see CPLR 2005), a claim of law office failure should be supported by a detailed and credible explanation of the default at issue" (HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649 [internal quotation marks omitted]; see People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286). Law office failure does not constitute a justifiable excuse where there is a pattern of willful default and neglect, or where allegations of law office failure are conclusory, undetailed, and unsubstantiated (see HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649). Here, the undetailed and conclusory claim of law office failure set forth by the plaintiffs' attorney did not constitute a justifiable excuse for the default, and the plaintiffs offered no excuse for their inordinate delay in the prosecution of this action. In addition, the plaintiffs failed to establish that their delay in responding to the 90-day notice was caused by the conduct of Adventure (cf. Davis v Goodsell, 6 AD3d 382, 384; Tu Ying Chen v Nash, 266 AD2d 279, 280). Moreover, even if Adventure "engaged in dilatory conduct in responding to discovery demands, such conduct did not constitute a reasonable excuse for the plaintiffs' failure to respond to the 90-day notice," as the plaintiffs had remedies of which they could have availed themselves but failed to do so (Huger v Cushman & Wakefield, Inc., 58 AD3d 682, 684).
As the plaintiffs failed to provide a justifiable excuse, there is no need to address whether the plaintiffs established a potentially meritorious cause of action (see HSBC Bank USA, N.A. v Izzo, 177 AD3d at 650; Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d 1021, 1024).
Accordingly, we agree with the Supreme Court's determination granting Adventure's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it and denying the plaintiffs' cross motion.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court