Aetna Life Ins. Co. v UTA of KJ Inc. (2022 NY Slip Op 01266)





Aetna Life Ins. Co. v UTA of KJ Inc.


2022 NY Slip Op 01266


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Index No. 151940/18 Appeal No. 15397 Case No. 2021-01294 

[*1]Aetna Life Insurance Company, Plaintiff-Respondent,
v
UTA of KJ Inc., Also Known as United Talmudical Academy of Kiryas Joel, Defendant-Appellant.


Avrom R. Vann, P.C., New York (Avrom R. Vann of counsel), for appellant.
Heitner & Breitstein P.C., Brooklyn (Yelena C. Tsyrlin of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 12, 2021, which denied defendant's motion to vacate an order, entered on default or about February 26, 2021, granting plaintiff's motion for summary judgment, unanimously affirmed, without costs.
Contrary to defendant's contentions, it did default in responding to plaintiff's motion for summary judgment. Defendant's counsel acknowledges that he received notification of plaintiff's motion, yet the record shows that defendant failed to submit any opposition. Although counsel maintains that he telephoned the court on the motion's return date in an effort to adjourn the motion, he never sought an adjournment in a manner consistent with the court's rules, which required adjournments to be sought in writing (see Benson Park Assoc., LLC v Herman, 73 AD3d 464, 465 [1st Dept 2010]).
As to vacating the default, a party seeking to vacate a default judgment must demonstrate both a reasonable excuse for the default and a meritorious defense (CPLR 5015[a][1]; see Leader v Parkside Group, 174 AD3d 420, 421 [1st Dept 2019], lv dismissed, 33 NY3d 1111 [2019]). However, defendant has failed to proffer a reasonable excuse for the default. Although defendant's counsel was in the process of moving his office to a new location on the return date, defendant fails to give any reason that counsel could not have responded to the motion before the moving process began. Counsel took no action for approximately three weeks after receiving notice of the motion. Further, this default was not an isolated incident on defendant's part (see Mega Contr., Inc. v Adventure Masonry Corp., 188 AD3d 664, 665 [2d Dept 2020]).
As defendant failed to provide a justifiable excuse, we need not consider whether it established a potentially meritorious defense (CPLR 5015[a][1]; see New Globaltex Co., Ltd. v Lin, 198 AD3d 573, 574 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022