Turner v Fuchs, Cooperstein & Greengold, LLC (2023 NY Slip Op 02700)

Turner v Fuchs, Cooperstein & Greengold, LLC

2023 NY Slip Op 02700

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-04405
 (Index No. 704557/21)

[*1]Shaheem Turner, appellant, 
v
Fuchs, Cooperstein and Greengold, LLC, respondent.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Diane K. Toner], of counsel), for appellant.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Paul Lawless of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 15, 2021. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2018, the plaintiff commenced this action to recover damages for injuries he alleged he sustained when he tripped and fell on a sidewalk abutting premises owned by the defendant. As is relevant to the appeal, in February 2020, the defendant served a 90-day notice pursuant to CPLR 3216 demanding that the plaintiff resume prosecution of the action or face dismissal. Thereafter, in March 2021, the defendant moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. The plaintiff cross-moved to impose sanctions against the defendant's counsel, contending that the motion to dismiss was frivolous. In an order entered June 15, 2021, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
Where, as here, a plaintiff has been served with a 90-day demand by the defendant pursuant to CPLR 3216(b)(3), the plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day demand period (see Islam v HPENY Hous. Dev. Fund Co., Inc., 182 AD3d 585, 585; HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649). The plaintiff here did neither. Moreover, in opposition to the defendant's motion to dismiss the complaint, the plaintiff was required to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demand, as well as the existence of a potentially meritorious cause of action (see CPLR 3216[e]; Umeze v Fidelis Care N.Y., 17 NY3d 751; Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d 559). Here, the plaintiff failed to assert any excuse or attempt to demonstrate the existence of a potentially meritorious cause of action in opposition to the defendant's motion.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant [*2]to CPLR 3216 to dismiss the complaint for failure to prosecute.
The plaintiff's contention that the 90-day notice was served when the matter was purportedly stayed was improperly raised for the first time in the plaintiff's reply papers on his cross-motion before the Supreme Court, and is not considered by this Court (see State Farm Fire & Cas. Co. v LiMauro, 103 AD2d 514, 521-522).
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court