Ting Chen v Xiao Fang Shen (2024 NY Slip Op 03197)

Ting Chen v Xiao Fang Shen

2024 NY Slip Op 03197

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-02420
 (Index No. 612520/19)

[*1]Ting Chen, respondent, 
v
Xiao Fang Shen, appellant.

Lieb at Law, Smithtown, NY (Richard Hermer-Fried of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated February 10, 2022. The order denied the defendant's motion to dismiss the complaint pursuant to CPLR 3216 and, in effect, to reject as untimely the note of issue.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3216 and, in effect, to reject as untimely the note of issue is granted.
The plaintiff commenced this action, inter alia, to recover damages for breach of fiduciary duty. In an order dated August 23, 2021, the Supreme Court indicated that all parties had certified that discovery was completed and that the matter was ready for trial, and further indicated that the plaintiff had been directed to file a note of issue but had failed to do so. The court directed the plaintiff to file a note of issue within 90 days and indicated that the failure to do so would "result in a dismissal pursuant to CPLR [3216] without further Order of the Court."
Thereafter, the plaintiff filed a note of issue dated December 2, 2021. The defendant moved to dismiss the complaint pursuant to CPLR 3216 based on the plaintiff's failure to timely file the note of issue and, in effect, to reject as untimely the note of issue. The plaintiff submitted untimely opposition to the motion, contending that the plaintiff had a justifiable excuse for the delay in filing the note of issue based upon law office failure. The Supreme Court denied the motion, and the defendant appeals.
CPLR 3216 permits a court to dismiss a complaint for want of prosecution after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action (see id. § 3216[a], [b][3]; JPMorgan Chase Bank, N.A. v Eze, 188 AD3d 1173, 1173). In the event that the party upon whom the demand is served fails to serve and file a note of issue within 90 days, "the court may take such initiative or grant such motion unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216[e]; see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633). The court has the discretion to accept law office failure as a justifiable excuse (see CPLR 2005), but law office failure does not constitute a justifiable excuse where there is a pattern of willful default and neglect, or where allegations of law office failure are conclusory, undetailed, and unsubstantiated (see Mega Contr., Inc. v Adventure [*2]Masonry Corp., 188 AD3d 664, 665; HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649). Although a court retains "residual discretion to deny a motion to dismiss when [the] plaintiff tenders even an unjustifiable excuse, this discretion should be exercised sparingly" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 504; see Worldwide Ins. Brokerage Ltd. v New City Mgt., LLC, 172 AD3d 1282, 1283), and only when the "plaintiff's excuse, though inadequate, is timely interposed" (Baczkowski v Collins Constr. Co., 89 NY2d at 505).
Here, the plaintiff "failed to tender any reasonable excuse in timely response to [the] defendant's dismissal motion" (id.). The plaintiff's opposition to the defendant's motion, which was submitted late, proffered only conclusory and unsubstantiated claims of law office failure (see Islam v HPENY Hous. Dev. Fund Co., Inc., 182 AD3d 585; HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649; Fremont Inv. & Loan v Fausta, 164 AD3d 1314, 1315). The plaintiff's counsel asserted that "the attorney assigned to the matter is [no] longer with [the firm]," and that "office staff has been extremely limited in capacity" due to COVID-19, but provided no further details or substantiation for these assertions. Moreover, the record reflected a pattern of willful default and neglect in the plaintiff's prosecution of the action (see Mega Contr., Inc. v Adventure Masonry Corp., 188 AD3d at 665; HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649).
Accordingly, the defendant's motion, inter alia, to dismiss the complaint pursuant to CPLR 3216 should have been granted (see Baczkowski v Collins Constr. Co., 89 NY2d at 505; CitiMortgage, Inc. v Etienne, 176 AD3d 669, 670).
The defendant's remaining contentions are academic in light of our determination.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court