Vashkevich v Serrano (2024 NY Slip Op 51324(U))

[*1]

Vashkevich v Serrano

2024 NY Slip Op 51324(U)

Decided on September 24, 2024

Civil Court Of The City Of New York, Kings County

Waterman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2024
Civil Court of the City of New York, Kings County

Mikalai Vashkevich, Plaintiff(s)

against
Ruben Serrano; AND RUBEN HERRERA, Defendant(s)

Counsel for Plaintiff Daniel Eric Rausher and Counsel for Defendants James G. Bilello & Associates.

Index No. TS-300366-19/KI

Lola Waterman, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed 1, 2
Answering Affidavits/ Affirmations 3
Reply Affidavits/ Affirmations 4
Memoranda of Law
Other
Upon the foregoing cited papers, and after oral arguments on September 18, 2024, the Decision/ Order on the Defendants' Motion to Dismiss for want of prosecution is GRANTED for the following reasons:
PROCEDURAL HISTORY
On September 5, 2014, Plaintiff filed this action in Supreme Court for personal injuries from an accident that occurred on January 13, 2012. Issue was joined and discovery was completed by filing of a note of issue. Thereafter, Defendants' Order to Show Cause to vacate the note of issue was granted. The matter was transferred to Civil Court pursuant to CPLR § 325d in 2019, and Defendants subsequently served a 90-day notice, dated January 31, 2023, on Plaintiff to resume prosecution. Defendants then filed this motion to dismiss for want of prosecution under CPLR § 3216(e) around June 2023. Plaintiff opposed, and Defendants replied.

DEFENDANTS' MOTION TO DISMISS FOR WANT OF PROSECUTION

Defendants' papers detail, which the court will not rehash here, what they believe were dilatory conduct by Plaintiff in prosecuting this action and providing discovery, as well as Plaintiff's repeated nonappearance for court conferences. Defendants argues that Plaintiff delayed in filing his opposition to this motion, and that prior to the filing of this motion, the case was dormant due to Plaintiff's dilatory tactics long before the COVID-19 pandemic. Defendants claim that they will be prejudiced at trial due to the outstanding discovery and that they cannot obtain a fair trial due to the delays and alleged loss of evidence.

 PLAINTIFF'S OPPOSITION

After numerous adjournments due to the allegations by Plaintiff's counsel of not receiving the motion, Plaintiff's opposition was filed and alleges that the parties attempted to resolve the matter after the note of issue was filed and were unable to. Plaintiff argues that any delay or dormancy of the matter was caused by the court's delay [FN1]
due to the COVID-19 pandemic and that Plaintiff diligently prosecuted the case.

 ANALYSIS

The law is clear that "[a] court may dismiss an action for neglect to prosecute under CPLR § 3216 only if the statutory preconditions to dismissal are met." Ramirez v. Reyes, 171 AD3d 1114, 1116 (2nd Dept., 2019). Stated differently, "[a] court cannot dismiss an action for neglect to prosecute unless: at least one year has elapsed since joinder of issue, defendant has served on plaintiff a written demand to serve and file a note of issue within 90 days, and plaintiff failed to serve and file a note of issue within the 90-day period." Baczkowski v. Collins Constr. Co., 89 NY2d at 503 (1997); CPLR § 3216 (b).
Once the defendant has demonstrated that these conditions have been met, then the burden of proof shifts to plaintiff "to avoid dismissal of the complaint" by demonstrating "a justifiable excuse for the failure to timely abide by the 90-day demand [and] the existence of a potentially meritorious cause of action . . . ." Turner v. Fuchs, Cooperstein & Greengold, LLC, 216 AD3d 1037, 1037 (2nd Dept., 2023). "CPLR 3216 is 'extremely forgiving' in that it 'never requires, but merely authorizes, the Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed'." Altman v. Donnenfeld, 119 AD3d 828, 828 (2nd Dept., 2014).
In this case, Defendants have demonstrated that at least one year has elapsed since joinder of issue; Defendants served on Plaintiff, via certified mail, a written demand to file a note of issue within 90 days; and to date, Plaintiff has not served or filed a note of issue within the 90-day period. In response, Plaintiff argues a note of issue was filed while this matter was pending in Supreme Court before the transfer to this court but fails to address Defendants' statements that an order to show cause to strike the Supreme Court Note of Issue was granted, vacating the Note of Issue therein and staying the case. The burden then shifts to Plaintiff to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demand and the existence of a potentially meritorious cause of action. 
The Second Department has held that a plaintiff's failure to present with a sufficient affidavit of merit in opposition to the motion to dismiss the complaint is fatal. Raccasi v. Kaye, 438 N.Y.S.2d 366 (2nd Dept., 1981). While an affidavit of merit as a piece of evidentiary [*2]documentation in admissible form is not required for the movant, it is fatal when not provided by the opponent for the motion to dismiss. "The party opposing a motion to dismiss for failure to prosecute is obligated to make an evidentiary showing sufficiently demonstrating a 'good and meritorious cause of action' . . . ." Mosberg v. Elahi, 80 NY2d 941, 942 (1992).
Furthermore, "[t]o successfully resist a motion to dismiss for want of prosecution, a party must submit an affidavit showing both a reasonable excuse for the delay and evidentiary facts establishing the existence of a viable cause of action. The affidavit or affirmation of an attorney may serve as the vehicle for the submission of acceptable attachments which do provide evidentiary proof in admissible form, but such an affidavit, made without personal knowledge, is of no probative value." Alise v. Colapietro, 119 AD2d 921 (3rd Dept., 1986); see also, HSBC Bank USA, N.A. v. Williams, 177 AD3d 950 (2nd Dept., 2019).
Here, Plaintiff failed to include an affidavit of merit or any evidence in admissible form with his counsel's opposition papers in response to Defendants' motion to dismiss. Consequently, Plaintiff has not established a justifiable excuse or a potentially meritorious cause of action.

 CONCLUSION

Upon due deliberation had thereon, the Motion to Dismiss for want of prosecution is GRANTED and the Plaintiff's complaint is dismissed.
Date: September 24, 2024
Hon. Lola Waterman, JCC

Footnotes

Footnote 1:Plaintiff's contention that the court is responsible for the delay due to the COVID-19 pandemic are defeated by (1) the court's record of the activity in this case, and (2) several statements by Defendants on the record and in their papers that the court's staff attempted numerous times to contact and schedule pretrial conferences with the parties to no avail, due to Plaintiff's counsel's unresponsiveness. Also, Defendants allege that Plaintiff has ignored repeated emails and mailings regarding the court conferences and Plaintiff failed to appear for them. Assuming arguendo, that the facts are as Plaintiff's counsel says they are, to wit, the court failed to re-calendar the case after the first pre-trial conference post transfer, it was incumbent on Plaintiff's counsel, after three to four years of dormancy, to reach out to the court to obtain the status of his client's case.