Cintron v Carter (2024 NY Slip Op 04541)

Cintron v Carter

2024 NY Slip Op 04541

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-09912
 (Index No. 517960/16)

[*1]Marisol Cintron, appellant, 
v
Tyreil Kawan Carter, et al., respondents.

Law Office of Jan P. Joachim, P.C., Brooklyn, NY, for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 13, 2022. The order granted the motion of the defendant Jouvonda D. Weeks, joined by the defendants Tyreil Kawan Carter and Bonnie J. Carter, pursuant to CPLR 3216 to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against the defendants Tyreil Kawan Carter and Bonnie J. Carter, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff to the defendant Jouvanda D. Weeks and one bill of costs payable by the defendants Tyreil Kawan Carter and Bonnie J. Carter to the plaintiff.
On October 19, 2013, the plaintiff, who was a passenger in the defendant Jouvonda D. Weeks's vehicle, allegedly was injured when Weeks's vehicle was involved in an accident with a vehicle operated by the defendant Tyreil Kawan Carter and owned by the defendant Bonnie J. Carter (hereinafter together the Carters). In October 2016, the plaintiff commenced this action to recover damages for personal injuries. In July 2021, Weeks served a 90-day notice pursuant to CPLR 3216 demanding that the plaintiff resume prosecution of the action or be subject to a motion to dismiss the complaint. Thereafter, in November 2021, Weeks moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. The Carters joined the motion. In an order dated September 13, 2022, the Supreme Court granted the motion. The plaintiff appeals.
Where, as here, a plaintiff has been served with a 90-day notice pursuant to CPLR 3216(b)(3), the plaintiff must comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the 90-day notice or to extend the 90-day period (see Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d 1037, 1038; Mega Contr., Inc. v Adventure Masonry Corp., 188 AD3d 664, 665; HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649). The plaintiff did neither. Moreover, in opposition to the motion to dismiss the complaint, "the plaintiff was required to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demand, as well as the existence of a potentially meritorious cause of action" (Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d at 1038; see Umeze v Fidelis Care N.Y., 17 NY3d 751, 751; Islam [*2]v HPENY Hous. Dev. Fund Co., Inc., 182 AD3d 585, 586).
Here, although the plaintiff proffered a reasonable excuse for her failure to respond to Weeks's 90-day notice, she failed to demonstrate that she had a potentially meritorious cause of action (see Sutton v Metropolitan Tr. Auth. Bus Co., 197 AD3d 1200, 1202). No medical evidence was submitted to demonstrate that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see id.; Gagnon v Campbell, 86 AD3d 623, 624; cf. Wilson v Rotondi, 109 AD3d 609, 610-611). Accordingly, the Supreme Court properly granted that branch of the motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against Weeks.
However, as the plaintiff contends, inasmuch as the Carters did not serve a 90-day notice, the Supreme Court should not have granted that branch of the motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against the Carters (see Pavilion Park Slope Cinemas 9, LLC v Pro Century Corp., 186 AD3d 1389, 1390; Yunga v Yonkers Contr. Co., Inc., 134 AD3d 1031, 1033; Reyes v Ross, 289 AD2d 554, 555).
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court