Melendez v 106 Mt. Hope LLC (2024 NY Slip Op 06127)

Melendez v 106 Mt. Hope LLC

2024 NY Slip Op 06127

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 801074/22 Appeal No. 3175 Case No. 2023-05542 

[*1]Segundo Melendez, Plaintiff-Respondent,
v
106 Mt. Hope LLC, et al., Defendants-Appellants.

Sim & DePaola, LLP, Bayside (Sang J. Sim of counsel), for appellants.
Gorayeb & Associates, P.C., New York (Martin J. Moskowitz of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about October 3, 2023, which denied defendants' motion to vacate an order granting a default judgment as to liability against them and directing an inquest, unanimously affirmed, without costs.
The court properly denied defendants' motion to vacate the order directing entry of a default judgment, which was granted without opposition. Defendants seeking to vacate a default pursuant to CPLR 5015(a)(1) are required to establish both a reasonable excuse for their default and a potentially meritorious defense (see Aetna Life Ins. Co. v UTA of KJ Inc., 203 AD3d 401, 401 [1st Dept 2022]). As an excuse for their default, defendants asserted that they mistakenly believed the action was or would be settled based on discussions with plaintiff's employer, nonparty Barkhok Kodra, who told them that his insurance carrier was attempting to settle plaintiff's workers' compensation claim and, later, that plaintiff withdrew his claims, including in this civil action. However, the documents that Kodra sent to defendants showed that plaintiff prevailed on his workers' compensation claim, and had not withdrawn it, and defendants did not make any efforts to verify that the action was withdrawn. Thus, defendants' purported reliance on Kodra's representations concerning settlement efforts was not a reasonable excuse for their default in answering the complaint in this action, which they do not deny receiving (see Neely v Felicetti, 177 AD3d 484 [1st Dept 2019]).
In view of the foregoing, we need not consider whether defendants demonstrated a potentially meritorious defense to the action (Aetna Life Ins. Co., 203AD3d at 402).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024