Golden Integrity,Inc. v Azog, Inc. (2025 NY Slip Op 00290)

Golden Integrity,Inc. v Azog, Inc.

2025 NY Slip Op 00290

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 652255/22 Appeal No. 3544 Case No. 2024-01857 

[*1]Golden Integrity, Inc., Plaintiff-Respondent,
v
Azog, Inc., Defendant-Appellant.

Jones Law Firm, P.C., New York (T. Bryce of counsel), for appellant.
Bonnie Weir, Nyack, for Golden Integrity, Inc., respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about February 21, 2024, which denied defendant's motion to vacate an order granting plaintiff's motion for entry of a default judgment, unanimously affirmed, without costs.
The court providently exercised its discretion in denying defendant's motion to vacate the order directing entry of a default judgment because defendant failed to establish a reasonable excuse for its default or a meritorious defense to the action (CPLR 5015[a][1]; see Aetna Life Ins. Co. v UTA of KJ Inc., 203 AD3d 401, 401 [1st Dept 2022]). Under certain circumstances, law office failure may constitute a reasonable excuse (see Agosto v Western Beef Retail, Inc., 175 AD3d 1192, 1192 [1st Dept 2019]). Here, defendant demonstrated that its owner forwarded copies of the summons and complaint to a law firm that was not retained on this matter. Any failure by that law firm to appear or respond in this action cannot be used to support a finding of law office failure and thus excuse default.
Nor does defendant's subsequent retention of a new law firm to represent it in this action yield a different result. Defendant retained the new law firm one month after entry of the default judgment. It then took another four months before the motion to vacate the default judgment was filed. Defendant does not provide any explanation, nor does the record show why, there was a four-month delay in filing the motion to vacate the default judgment (Agosto v Western Beef Retail, Inc., 175 AD3d at 1192).
In view of the foregoing, we need not consider whether defendant demonstrated a meritorious defense to the action (Aetna Life Ins. Co., 203 AD3d at 401).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025