Yingchen Liu v New York City Tr. Auth. (2025 NY Slip Op 03356)

Yingchen Liu v New York City Tr. Auth.

2025 NY Slip Op 03356

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-08666 
2023-01021
 (Index No. 700538/19)

[*1]Yingchen Liu, appellant, 
v
New York City Transit Authority, et al., respondents.

Dominick W. Lavelle (Law Office of Thomas R. Villecco, P.C., Jericho, NY, of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent New York City Transit Authority.
Marshall Conway Bradley Gollub & Weissman, P.C., New York, NY (Lauren R. Turkel of counsel), for respondents City of New York and Jamaica Center for Arts and Learning, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered October 5, 2022, and (2) an order of the same court entered December 21, 2022. The order entered October 5, 2022, granted the motion of the defendants City of New York and Jamaica Center for Arts and Learning, Inc., pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute. The order entered December 21, 2022, granted that branch of the motion of the defendant New York City Transit Authority which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute.
ORDERED that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In January 2019, the plaintiff commenced this action to recover damages for injuries she allegedly sustained when she tripped and fell on a sidewalk defect in Queens. The defendants City of New York and Jamaica Center for Arts and Learning, Inc. (hereinafter together JCAL), and the defendant New York City Transit Authority (hereinafter NYCTA) separately served 90-day notices pursuant to CPLR 3216 in April 2022 and June 2022, respectively, demanding that the plaintiff resume prosecution of the action or be subject to a motion to dismiss the complaint. Thereafter, JCAL moved, and NYCTA separately moved, inter alia, pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute. In an order entered October 5, 2022, the Supreme Court granted JCAL's motion. In an order entered December 21, 2022, the court granted that branch of NYCTA's motion. The plaintiff appeals from both orders.
"Where, as here, a plaintiff has been served with a 90-day notice pursuant to CPLR 3216(b)(3), the plaintiff must comply with the notice by filing a note of issue or by moving, before [*2]the default date, either to vacate the 90-day notice or to extend the 90-day period" (Cintron v Carter, 230 AD3d 1291, 1291-1292; see Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d 1037, 1038). Here, the plaintiff did neither.
"Moreover, in opposition to the [defendants'] motion[s] to dismiss the complaint, the plaintiff was required to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demand, as well as the existence of a potentially meritorious cause of action" (Cintron v Carter, 230 AD3d at 1292 [internal quotation marks omitted]; see CPLR 3216[e]; Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d at 1038). Here, the plaintiff's claim that the parties agreed to the terms of a settlement was not a justifiable excuse given the plaintiff's subsequent failure to execute the settlement papers and to maintain any communication with her counsel, evincing an intent to abandon the prosecution (see Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760, 761; Martinez v Belanger, 186 AD2d 40, 40). Further, the plaintiff failed to demonstrate the existence of a potentially meritorious cause of action (see Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d at 1038).
Accordingly, the Supreme Court properly granted JCAL's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute and that branch of NYCTA's separate motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court