Kresberg v Kerr (2025 NY Slip Op 03559)

Kresberg v Kerr

2025 NY Slip Op 03559

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-10197
 (Index No. 7348/13)

[*1]Richard Kresberg, etc., respondent, 
v
William B. Kerr, etc., et al., appellants.

Wagner, Doman, Leto & DiLeo, P.C., Mineola, NY (Deborah C. Sturm and Ingrid Rodriguez of counsel), for appellants William B. Kerr and Wainscott Walk-In Medical Care, PLLC.
Barker Patterson Nichols, LLP, Garden City, NY (Adonaid C. Medina, Megan A. Lawless, and Tricia Criscito of counsel), for appellant Bernard D. Raxlen.
Fumuso Christesen, LLP, Hauppauge, NY (Kelly L. Nagosky of counsel), for appellant Carolyn B. Welcome.
Dell & Dean, PLLC (Joseph C. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants William B. Kerr and Wainscott Walk-In Medical Care, PLLC, the defendant Bernard D. Raxlen, and the defendant Carolyn B. Welcome separately appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated September 13, 2023. The order, insofar as appealed from, denied those defendants' separate motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs payable to the defendants appearing separately and filing separate briefs, and the separate motions of the defendants William B. Kerr and Wainscott Walk-In Medical Care, PLLC, the defendant Bernard D. Raxlen, and the defendant Carolyn B. Welcome pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute are granted.
In March 2013, following the death of his spouse, Debra Marino (hereinafter the decedent), the plaintiff, Richard Kresberg, individually and as the executor of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that the defendants' negligent treatment of the decedent resulted in her death from lung cancer. Pursuant to an order dated May 20, 2021, the plaintiff was directed to file a note of issue by June 14, 2021. The plaintiff failed to file a note of issue by that date. In June 2022, the defendants William B. Kerr and Wainscott Walk-In Medical Care, PLLC (hereinafter Wainscott), the defendant Bernard D. Raxlen, and the defendant Carolyn B. Welcome separately served 90-day notices on the [*2]plaintiff, demanding that the plaintiff file a note of issue within 90 days of the demands or face dismissal. Thereafter, in May and June 2023, Kerr and Wainscott, Raxlen, and Welcome separately moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute. In an order dated September 13, 2023, the Supreme Court, inter alia, denied the defendants' separate motions. The defendants appeal.
"Where, as here, a plaintiff has been served with a 90-day demand . . . pursuant to CPLR 3216(b)(3), the plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day demand period" (Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d 1037, 1038; see HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649). Here, the plaintiff did neither.
"In opposition to a motion to dismiss pursuant to CPLR 3216, a plaintiff may still avoid dismissal if he or she demonstrates 'a justifiable excuse for the failure to timely abide by the 90-day demand, as well as the existence of a potentially meritorious cause of action'" (Holness v Gigglesworld Corp., 233 AD3d 661, 662, quoting Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d at 1038; see CPLR 3216[e]). "'Although the court has the discretion to accept law office failure as a justifiable excuse (see CPLR 2005), a claim of law office failure should be supported by a detailed and credible explanation of the default at issue'" (Mega Contr., Inc. v Adventure Masonry Corp., 188 AD3d 664, 665, quoting HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649). Here, the vague and conclusory claim of law office failure set forth by the plaintiff's attorney did not constitute a justifiable excuse (see Ting Chen v Xiao Fang Shen, 228 AD3d 798, 799; Mega Contr., Inc. v Adventure Masonry Corp., 188 AD3d at 665; HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649). Moreover, the plaintiff failed to submit evidentiary proof from a medical expert demonstrating the existence of a potentially meritorious cause of action (see Mosberg v Elahi, 80 NY2d 941, 942; Gallery v Messerschmitt, 151 AD3d 940, 940; Jedraszak v County of Westchester, 102 AD3d 924, 925).
The plaintiff's remaining contention is without merit.
Accordingly, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the defendants' separate motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court