Wells Fargo Bank, N.A. v Moran (2025 NY Slip Op 04199)

Wells Fargo Bank, N.A. v Moran

2025 NY Slip Op 04199

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-10491
2022-10492
 (Index No. 6846/14)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
James Moran, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Thomas M. Zegarelli and Adam Weiss of counsel), for appellant.
James Moran, Bethpage, NY, respondent pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of Supreme Court, Nassau County (David P. Sullivan, J.), dated October 17, 2022, and (2) a judgment of the same court dated October 28, 2022. The order granted the motion of the defendant James Moran pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. The judgment, upon the order, dismissed the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant James Moran.
In 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant James Moran (hereinafter the defendant). As is relevant to the appeal, in January 2021, the defendant sent the plaintiff discovery demands and a 90-day demand pursuant to CPLR 3216, demanding that the plaintiff resume prosecution of the action. The defendant sent additional discovery demands in March 2021 and emailed the plaintiff's counsel in April and May 2021. In May 2021, the defendant served a second 90-day demand to resume prosecution. The defendant never received any responses from the plaintiff. On March 30, 2022, the defendant served a third 90-day demand to resume prosecution. On June 24, 2022, the plaintiff attempted to e-file a note of issue, which was rejected by the Supreme Court because no certification order had been previously issued.
In July 2022, the defendant moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. The plaintiff opposed the motion. In an order dated October 17, 2022, the Supreme Court granted the defendant's motion. A judgment dated October 28, 2022, upon the order, dismissed the complaint. The plaintiff appeals from the order and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, [*2]248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Where, as here, a plaintiff has been served with a 90-day demand by the defendant pursuant to CPLR 3216(b)(3), the plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day demand period (see Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d 1037, 1038; HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649). The plaintiff here did neither. Therefore, in opposition to the defendant's motion to dismiss the complaint, the plaintiff was required to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demands, as well as the existence of a potentially meritorious cause of action (see CPLR 3216[e]; CitiMortgage, Inc. v Etienne, 176 AD3d 669, 670). Here, in opposition to the defendant's motion, the plaintiff failed to demonstrate a justifiable excuse for its delay in prosecuting the action and its failure to timely file a note of issue (see Mega Contr., Inc. v Adventure Masonry Corp., 188 AD3d 664, 665; HSBC Bank USA, N.A. v Izzo, 177 AD3d at 649). Although the plaintiff contends that COVID-19 pandemic-related stays imposed on foreclosure actions prohibited it from responding to the defendant's discovery demands or filing a note of issue in response to the defendant's first and second 90-day demands, the final such stay expired on January 15, 2022 (see L 2021, ch 147; AO/35/22), well before the plaintiff attempted to file a note of issue or serve responses to the defendant's discovery demands. Moreover, in opposing the defendant's motion, the plaintiff failed to submit any documentation establishing a potentially meritorious cause of action (see CitiMortgage, Inc. v Etienne, 176 AD3d at 670; cf. Flagstar Bank, FSB v Titus, 120 AD3d 469, 470).
Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court