Paransky v Galkina (2025 NY Slip Op 04799)

Paransky v Galkina

2025 NY Slip Op 04799

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-00481
 (Index No. 523679/19)

[*1]Zina Paransky, appellant, 
v
Olga Galkina, etc., et al., respondents.

Law Office of Yuriy Prakhin, P.C. (Gil Zohar and Simon Q. Ramone, White Plains, NY, of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP (Atasia R. Richardson of counsel), for respondent Olga Galkina.
Kaufman Dolowich, LLP, White Plains, NY (Jack Babchik, Matthew C. Mann, and Belino Voshtina of counsel), for respondent Cerumidy Realty, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter Sweeney, J.), dated November 28, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Cerumidy Realty, Inc., which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, which had been denied in an order of the same court dated August 2, 2023, and, upon renewal, in effect, vacated the determination in the order dated August 2, 2023, denying that branch of that defendant's motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, and thereupon granted that branch of the prior motion.
ORDERED that the order dated November 28, 2023, is affirmed insofar as appealed from, with one bill of costs.
In October 2019, the plaintiff commenced this action to recover damages for injuries she allegedly sustained when she tripped and fell on a sidewalk defect abutting certain premises owned by the defendant Cerumidy Realty, Inc. (hereinafter Cerumidy Realty). In October 2022, Cerumidy Realty served a 90-day notice pursuant to CPLR 3216 demanding that the plaintiff resume prosecution of the action or face dismissal. In January 2023, Cerumidy Realty moved, inter alia, pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. In an order dated August 2, 2023, the Supreme Court, among other things, denied that branch of Cerumidy Realty's motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.
In August 2023, Cerumidy Realty moved, inter alia, for leave to renew that branch of its prior motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. In an order dated November 28, 2023, the Supreme Court granted leave to renew that branch of the prior motion, and, upon renewal, in effect, vacated the determination in the order dated August 2, 2023, denying that branch of the prior motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, and thereupon granted that branch of the prior motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of Cerumidy Realty's motion which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. CPLR 2221(e)(2) and (3) provide, in relevant part, that "[a] motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination [and] shall contain reasonable justification for the failure to present such facts on the prior motion." Here, Cerumidy Realty proffered such evidence by informing the court that the plaintiff still had not filed a note of issue 10 months after being served with the 90-day demand (see Davi v Occhino, 116 AD3d 651, 652; Chunqi Liu v Wong, 46 AD3d 735, 736).
Where, as here, a plaintiff has been served with a 90-day demand by a defendant pursuant to CPLR 3216(b)(3), the plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day demand period (see Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d 1037, 1038). The plaintiff here did neither. Moreover, in opposition to the Cerumidy Realty's renewed motion to dismiss the complaint, the plaintiff was required to demonstrate a justifiable excuse for the failure to timely abide by the 90-day demand, as well as the existence of a potentially meritorious cause of action (see CPLR 3216[e]; Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d at 1038). Here, the plaintiff failed to assert any excuse or attempt to demonstrate the existence of a potentially meritorious cause of action in opposition to the motion.
Accordingly, the Supreme Court, upon renewal, properly granted that branch of Cerumidy Realty's motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court